UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

UNITED STATES OF AMERICA                          :

                                                  :        S1 14 Cr. 761 (PAC)

    *- against -*                                   :

                                                  :        **OPINION & ORDER**

Sixto Valdez Roman,                               :

    Defendant.                                    :

--------------------------------------------------------------------X

Defendant Sixto Valdez Roman was sentenced by this Court to 10 years imprisonment

for his participation in a conspiracy to distribute methamphetamine.  Roman is currently

incarcerated at the Federal Prison Camp in Tucson, Arizona ("FPC Tucson"), where to date, he

has contracted, recovered, and been fully inoculated against the COVID-19 virus.  He now

moves for a sentence reduction under the Compassionate Release Statute at 18 U.S.C. §

3582(c)(1)(A)(i) on the grounds that the COVID-19 pandemic constitutes extraordinary and

compelling circumstances, and that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh

in support of his early release.  For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

In July 2015, Roman pled guilty to count one of the Superseding Indictment, which

charged him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§

841(b)(1)(A) and 846.  (Gov't Br. at 1, ECF 33.)  Although this crime was Roman's first

encounter with the criminal justice system, the quantity of drugs attributed to him—5 to 15

kilograms of methamphetamine—and the fact that he had possessed firearms in furtherance of

the drug scheme exposed him to serious consequences.  (*See id.*)  He faced a mandatory

minimum of 10 years and a Guidelines Range of 135 to 168 months.  (Presentence Investigation Report ("PSR"), at 10, ECF 15.)

At sentencing, the Government called for a custodial sentence within the Guidelines Range.  (Sent. Tr. at 5, ECF 21.)  The Presentence Investigation Report ("PSR") and Defendant, however, recommended a mandatory minimum sentence of 10 years based on certain mitigating factors, namely Roman's youth, lack of criminal history, family obligations, and health issues. (*See id.* at 3; PSR, at 14.)  The Court ultimately found those mitigating factors compelling[1] and sentenced Roman to a mandatory minimum sentence of *10 years*.  (Sent Tr. at 6.)  Roman has currently served a little over 6 years of his total sentence.

On July 26, 2020, Roman filed a compassionate release petition with the Bureau of Prisons ("BOP").  (Def. Br. at 2, ECF 31.)  On July 31, that petition was denied.  (*See id.*)  On January 28, 2021, Roman moved *pro se* for compassionate release before this Court, and on March 2, defense counsel filed a supplemental brief in support of that motion.[2]  (ECF 26, 31.)

Roman, who is 29 years old, has already contracted and recovered from the COVID-19 virus, and has recently also received both doses of the Pfizer vaccine.  (Gov't Br. at 4; Def. Br. at 20.)  Nevertheless, he contends that the COVID-19 pandemic constitutes extraordinary and compelling circumstances warranting his early release, and that a sentence reduction would be

---

[1] The Court remarked at sentencing:

> So, I have considered all the factors of 3553(a) . . . I have considered what Mr. Valdez Roman has done.  It's a serious matter, but he is a young man and he is in Criminal History Category I.  He's got family and his family obligations, and he has a life in front of him.

(Sent. Tr. at 6.)

[2] In deciding this motion, the Court considers both the *pro se* submission as well as defense counsel's supplemental briefing.

consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). (Def. Br. at 7–23.) The

Government responds that there are no extraordinary and compelling reasons to sustain the

Defendant's motion. Because the Defendant has already recovered from the virus and has been

fully vaccinated as well, the Government argues that it is highly unlikely for him to become

reinfected, especially given the few reported cases of COVID-19 at his facility. (Gov't Br. at 2–

4.) Finally, the Government also argues that, under § 3553(a), the seriousness of the underlying

offense weighs against compassionate release. (*Id.* at 4–5.)

## DISCUSSION

### I.    Administrative Exhaustion

Under the Compassionate Release Statute, a defendant may move for compassionate

release in federal court after he has "fully exhausted all administrative rights to appeal a failure

of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18

U.S.C. § 3582(c)(1)(A). Here, all agree that this requirement has been met because the

Defendant initially filed a petition with the BOP, which was subsequently denied on July 31,

2020. *United States v. Maldonado*, No. 16 CR 285 (CM), 2021 WL 639069, at *2 (S.D.N.Y.

Feb. 17, 2021). Accordingly, the Court finds that the exhaustion requirement has been satisfied.

### II.   The Merits

Once a defendant satisfies the exhaustion requirement, a court may reduce the

defendant's term of imprisonment "after considering the applicable sentencing factors set forth in

§ 3553(a), if the court finds that 'extraordinary and compelling reasons warrant such a

reduction.'" *United States v. Paredes-Cordova*, No. S8 03 CR. 987 (PAC), 2021 WL 761849, at

*2 (S.D.N.Y. Feb. 26, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)–(c)(1)(A)(i)). In the context of

3

the COVID-19 pandemic, the extraordinary and compelling factor requires a fact-intensive inquiry "that centers on the defendant's condition, not general societal conditions." *See United States v. Jaquez*, No. 17 CR. 415 (PAC), 2021 WL 857364, at *3 (S.D.N.Y. Mar. 8, 2021); *Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *1 n.1 (S.D.N.Y. Mar. 17, 2021) ("[T]he Court's inquiry continues to focus on conditions specific to Kosic rather than conditions affecting society generally."). The Compassionate Release Statute "does not constitute a get-out-of-jail card." *United States v. Brady*, No. S2 18 CR. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020); *see United States v. Morel*, No. 10 CR. 798 (PAC), 2020 WL 3412907, at *3 (S.D.N.Y. June 22, 2020). Finally, with respect to the § 3553(a) sentencing factors, courts have placed a special emphasis on "the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public." *Jaquez*, 2021 WL 857364, at *3.

*Extraordinary and Compelling.* At the outset, the Court is unpersuaded by much of the Defendant's briefing which focuses on the general effects of the COVID-19 pandemic. (Def. Br. at 7–19; Pro Se Br. at 15–16, ECF 26.) The Defendant contends that the allegedly subpar conditions in prison facilities across the Nation[3] and the BOP's purported failure to take adequate measures to combat the spread of COVID-19 provide extraordinary and compelling reasons warranting his early release. (*See id.*) But these broad appeals to the COVID-19 pandemic miss the mark because the extraordinary and compelling factor calls for an examination of "the defendant's condition, not general societal conditions." *Jaquez*, 2021 WL 857364, at *3. Accordingly, Roman's generalized allegations of the pandemic's effects are inadequate to grant him compassionate release. Indeed, if the Court were to order relief on such grounds, that would

---

[3] Roman's allegations of subpar conditions at his old facility, the FCI Safford (Pro Se Br. at 17), are inapposite because he was subsequently transferred to his current facility, the FPC Tucson.

4

mean "that every federal inmate should be released from detention due to COVID-19—a consequence which undermines the goals of sentencing, does not promote respect for the law, and does not remotely fit with the limited scope of compassionate release." *United States v. Kaba*, No. 19 Cr. 242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). Because that cannot be the case, these arguments must be set aside.

More appropriately, Roman contends that extraordinary and compelling circumstances exist because he suffers from morbid obesity, which places him at a higher risk of developing diabetes and hypertension, "both of which are considered co-morbidities for COVID-19." (Def. Br. at 19–23; Pro Se Br. at 18–19.) Although this argument focuses on the Defendant's particular condition, it ultimately fails because Roman has already contracted, recovered, and been fully inoculated against the COVID-19 virus. *See Kosic*, 2021 WL 1026498, at *3 (failing to find extraordinary and compelling reasons where defendant had recovered and been vaccinated against the COVID-19 virus). According to the Centers for Disease Control and Prevention ("CDC"), a prior infection "provides protection against a subsequent reinfection, at least for 90 days" and furthermore, the Pfizer vaccine has been "shown to be efficacious and effective against SARS-CoV-2 infections, including asymptomatic infection, symptomatic disease, severe disease, and death." (Gov't Mem. at 4.) Hence, the science suggests that the Defendant's likelihood of becoming reinfected with the virus is very low, which in turn precludes a finding of extraordinary and compelling circumstances. *Kosic*, 2021 WL 1026498, at *3; *United States v. Jones*, No. 19-CR-498 (CS), 2021 WL 535801, at *2 (S.D.N.Y. Feb. 12, 2021) ("This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis."). And to the extent new scientific evidence emerges showing the vaccine's diminished efficacy against COVID-19

5

variants, which Roman argues are a real risk, the Defendant may renew his motion accordingly. But based on the present record, the Court cannot conclude that extraordinary and compelling circumstances have been shown.

The conditions at the FPC Tucson solidify this conclusion. Roman is currently housed at the FPC Tucson—an independent facility that "has a common administration with the U.S. Penitentiary Tucson (USP Tucson)." (Gov't Br. at 4.) The Government explains that the BOP website does not differentiate between COVID-19 cases at FPC Tucson and those at USP Tucson. (*Id.*) Yet, as of April 12, 2021, the USP Tucson reports a total of *one* confirmed case of the COVID-19 virus throughout its facilities. BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited April 12, 2021). Figures like this, by any measure, do not demonstrate extraordinary and compelling circumstances. And as the BOP continues in its commitment to vaccinate "all prisoners during the upcoming months," *United States v. Davis*, No. 1:14-CR-00296-PAC-1, 2021 WL 1016115, at *3 (S.D.N.Y. Mar. 17, 2021), the public health situation in Roman's facility will only continue to improve. Accordingly, the Court cannot find extraordinary and compelling circumstances upon these facts.

In sum, the Defendant has not demonstrated extraordinary and compelling reasons warranting a sentence reduction. "For that reason alone, the motion must be denied." *United States v. McKay*, No. 1:18-CR-00339-PAC-7, 2021 WL 807108, at *5 (S.D.N.Y. Mar. 3, 2021) (quoting *Maldonado*, 2021 WL 639069, at *4).

***18 U.S.C. § 3553(a) Factors.*** The Court is not required to reach the § 3553(a) sentencing factors because Roman has not demonstrated extraordinary and compelling reasons to justify a sentence reduction. But even if the Court were to conduct a § 3553(a) analysis, the sentencing factors would also counsel against compassionate release.

6

*First*, the underlying crime here was a very serious offense. Look no further than the 10 year mandatory minimum Congress prescribed for it. From 2012 to 2015, Roman conspired to distribute large quantities of methamphetamine from Arizona to New York, and possessed multiple deadly weapons in furtherance of that scheme. (PSR, at 5–6.) Furthermore, the conspiracy was deliberately planned and executed: Roman stored the drugs in a stash location in Arizona and supplied his co-conspirators with bulk quantities so that they could cross interstate lines and distribute those drugs in New York. (*See id.*) At a time where the opioid epidemic has gripped the Nation and countless Americans are suffering as a result, the severity of Roman's crime cannot be understated. Accordingly, the seriousness of the offense factor weighs against early release. 18 U.S.C. § 3553(a).

*Second*, on the specific and general deterrence factors, Roman contends that he "has done his level best to fulfill his end of the bargain with the Court" by seeking help and rehabilitation, and by taking "training programs to learn the plumbing trade." (Def. Br. at 23.) Therefore, Roman alleges that he does not present a danger to the public, and that the 6 or so years he has spent in prison sufficiently promotes respect for the law. (*Id.* at 20–23.) He also contends that his physical conditions and family obligations weigh in favor of a sentence reduction. (*Id.* at 21.)

While the Court commends the Defendant for taking these steps, compassionate release is not justified. As this Court noted at sentencing, Roman is a young man; he has a "life in front of him"; and he has family to look forward to upon his release. (Sent. Tr. at 6.) But still, these mitigating factors do not take away from the fact that the underlying offense here was very serious. *See supra* 7. And they do not compensate for the fact that there are simply no extraordinary and compelling reasons warranting a sentence reduction. *See supra* 4–6. Thus, after careful consideration of the record, Roman's compassionate release motion is denied.

7

## CONCLUSION

Roman's motion for compassionate release is **DENIED** without prejudice as to its

renewal should his health conditions or the status of infections at his facility materially worsen.

The Clerk of Court is respectfully directed to terminate the motions at ECF 26 and 31.


Dated: New York, New York                    SO ORDERED
      April 14, 2021

                                 PAUL A. CROTTY
                                 United States District Judge